TATE, Judge
(dissenting).
The majority allows recovery upon a four thousand dollar note, representing a debt previously discharged in bankruptcy. The trial jury had rejected the claim. It had sustained the defendant Daigle’s defense that he was coerced into signing the note by wrongful threats of criminal prosecution.
This litigation was tried by a jury. The trial took four days. The jury was correctly instructed as to the law. It accepted the defendant Daigle’s defense.
Ultimately, the question is whether the defendant Daigle testified truthfully, or whether instead the contrary testimony of the plaintiff’s manager and office staff is correct.
I am unable to see how this appellate court, reading the cold record of this four day trial, can determine that the defendant Daigle’s testimony was untruthful. From the record itself, it is simply impossible, in my opinion, to know which of the opposing set of witnesses testified truthfully.
The twelve men of the jury reached a unanimous verdict in favor of the defendant Daigle. Based upon their four days of observation of him, they concluded that his testimony was truthful. Based upon their observation of the plaintiff’s witnesses, they determined that their testimony (and especially that of the plaintiff’s manager, Bridges) was untruthful.
The evaluation of the credibility of witnesses is primarily for the trier of fact. An appellate court usurps the trial function if, based upon its own predilections or upon its own equally plausible analysis of the evidence, it overturns a considered factual determination of the trier of fact. In so doing here, the majority does not pretend to point out any manifest error in the jury’s evaluation of the evidence nor in its conclusion as to the simple fact at issue.
I respectfully dissent.
FRUGÉ, J., votes for rehearing.